## Francis B. Fay, Trustee, *vs.* Read Taft.

A devise of land to the testator's minor daughter, "to have and to hold to her sole use and behoof forever, subject, however, to the condition of the trust, herein mentioned, to wit: I hereby authorise the trustee hereinafter named, to receive, hold, and manage said property, until said daughter shall arrive at the age of twenty-one years, or shall marry," gives the trustee a legal estate in the land devised, but not an interest in fee; he cannot, therefore, maintain a writ of entry for the premises, but may maintain a writ of ejectment.

A demandant in a real action may be allowed to amend by converting the suit into an action of ejectment.

Shaw, C. J. This is a writ of entry, and it can be maintained by this demandant, only by showing that he has an estate of freehold in the premises. Such an estate he claims to hold, as trustee under the will of Charles M. Taft, which has been duly proved and allowed in the probate court of the county of Suffolk. The tenant, not denying in this stage of the cause, but admitting, for the purpose of raising this question, that the testator died seised of the estate demanded in this suit, insists that by force and effect of this will, no estate was devised to the demandant, as trustee; that all the provisions of the will may be satisfied, by holding that the trustee was appointed by the will to exercise a power, analogous to that of a guardian, during the minority of the minor, without holding that he took any estate or proprietary interest in the real estate devised to the daughter. Or, if he took any interest, it was for a term only, and not an estate in fee. If he did not take a legal estate, it is very clear that he cannot maintain a real action; this is the whole question, and it depends on the legal construction of the will.

By the will, the testator first gives real and personal property to his wife absolutely, and the real property in fee. By nine other clauses he gives money in trust for his parents and sisters. In terms, the property is not given to a trustee, but a trustee is afterwards appointed. Then come the only provisions, bearing directly on this question, as follows:

"8. The residue of my estate, real, personal, or mixed.

stock and securities of every description, I give and bequeath unto my beloved daughter, Susan E. Taft, to have and to hold to her sole use and behoof forever, subject, however," &c.

This will presents, naturally, two questions: 1. Whether any estate or proprietary interest in the real estate was thereby vested in the trustee. 2. If so, what was the nature and quality of such estate.

1. It is obvious, that here are no words of direct devise, bequest, or gift to the trustee; but there are such words of devise in fee, to the daughter. If it stopped here, it is quite manifest that it would have been a plain devise of the legal estate to the daughter. But it is a settled rule in the construction of a will, that every clause and word in the will, in whatever part it is found, is to be taken into consideration, to ascertain the testator's intention, in any particular provision; and that the intention of the testator, in whatever mode or form of words it may be expressed, must regulate the construction. As the testator has a full disposing power, if it can be fairly gathered from the terms of the will, that he intends that any one shall have an estate or interest, in property devised, such person will take such interest, in trust, or for his own benefit, according to other provisions of the will.

In the present case, the gift to the daughter, to her sole use forever, is immediately followed by these words, in the same sentence and qualifying the gift, "subject, however, to the condition of the trust, herein mentioned, to wit: I hereby authorize the trustee hereinafter named, to receive, hold, and manage said property," applying, &c., "until said Susan E. Taft shall arrive at the age of twenty-one years, or shall marry; in either case, said trustee shall pay over or deliver up such property, as may then be in his hands, under this bequest." In the subsequent clause, he appoints a trustee of each of the bequests, wherein he has ordered the same to be held in trust, with power to manage the same in such manner as in his judgment will carry out the testator's wishes, and best promote the interest and comfort of the respective heirs and legatees; and he provides for the appointment of a substituted

38 *

trustee by the judge of probate, should the trustee nominated by him desire to resign.

From all these provisions construed together, we are of opinion, that the testator intended to place the property for his daughter in trust, and not merely appoint a guardian, or give a naked power to manage. The trust is immediately annexed to the gift, as a condition and qualification. The trustee is to receive, hold, and manage. The word "receive" is equivalent to the word "take;" the word "hold," applied to real estate, is technical; "manage" is a general term of large meaning, and taken in connection with the subject-matter, which is to apply the proceeds, may well mean to cultivate and improve lands, to let and receive the profits of any and all real estate, if not, in case of necessity to accomplish the objects of the testator, to sell the estate. A devise that one shall take, hold, and manage real estate, especially when it is in trust for a minor, who, although the property is intended for her benefit, is incapable of managing it, vests an interest and estate in the land in such trustee. This seems best to subserve and promote the declared purposes of the testator. The property must vest in the trustee or in the minor daughter; it cannot be in abeyance. The only apparent reason for denominating and appointing Fay trustee, and not guardian, is, that he may take and hold the property. This is one of the usual modes in which property, intended for the beneficial use of one, shall be vested legally in another.

We do not see how this case is distinguishable from that of *Braman* v. *Stiles*, 2 Pick. 460, where the residue was devised to the testator's children in fee, but directing that the share falling to one named, should be deposited by the executor, in the hands of two others named, to be retained by them and dealt out, &c. They were not even named as trustees; but the court hold, that this proviso applied to real estate as well as to personal, and vested the share in the two as trustees.

Where there is no express devise to the trustees, it must appear that it is the intention of the testator that they shall take an estate, and where from the nature of the duties to be performed, it appears that the taking of an estate is necessary

the intention of the testator will be presumed; and when that intention is clear, an estate in the trustees will vest by implication. So where a will, so executed as to pass real estate, directed certain sums to be paid to younger children, and it could be gathered from the will, that the testator intended that the money should be raised out of the real estate, and in a subsequent part of the will, three persons were appointed trustees, it was held that they took a fee, upon the general principle, that in all cases trustees must be presumed to take an estate commensurate with the charges or duties imposed upon them. *Trent* v. *Hanning*, 7 East, 97.

In a late case, *Tenny* v. *Moody*, 3 Bing. 3, it appeared that a testatrix by her will gave real estate to a niece, a married woman, in terms sufficient to carry a freehold, but subsequently, in order to prevent the niece and her husband from receiving the rents, and to guard against any neglect of needful repairs on the estate, she appointed two persons, as receivers of the rents, with powers, &c. Subsequently, by a codicil, she recited the death of the two receivers, and appointed three trustees by more direct terms. The question was, whether the trustees took a legal estate. Here the two named in the will had no estate given them, nor were they even named as trustees, but only vested with certain powers. It was decided, upon the ground, that it was clear upon the codicil, that a legal estate was devised. But Mr. Justice Gaselee added, " I am not satisfied that the trustees do not take the legal estate, even under the will, for if it can be collected from the whole will that they were intended to do so, particular words of devise are not necessary." And he cites other authorities in support of the position.

Where the trustee is vested with a discretionary power to receive and apply proceeds and profits, it is a circumstance strengthening the conclusion that the testator intended he should take and hold a legal estate; for the power to apply proceeds at discretion implies a power to withhold, and both imply that he has the possession and control of the estate from which they arise.

2. Supposing that by the terms of this will, the trustee

took a legal estate in the land, the next question is, what is the nature, quality, and measure of the estate thus taken.

We here speak of the real estate only. It may be, that if the legal interest in the personal estate once vests in the trustee, as there can be no limitation over, or shifting use of personal estate, the only remedy of the *cestui que trust*, would be by an account and payment over by the trustee, to be enforced, if need be, in a court of equity.

In the present case, no legal estate being given in terms to the trustee, as he takes an estate by implication only, in order to accomplish the purposes of the will according to the presumed intent of the testator, the same exigency which creates the legal estate, limits the extent of it to the purposes to be accomplished. When, therefore, the purposes of the trust require a legal estate less than a fee, as an estate for the life of the trustee, or *pour autre vie*, or an estate for years, no larger estate will pass by implication. At the termination of such estate by its own limitation, without any act on the part of the trustee, it will pass by force of the will and the statute of uses to the next person entitled, to whose use by the deed or devise it is to go, or, in default of such *cestui que use*, to the heir at law. In the present case, all the purposes for which Fay was appointed trustee, must be accomplished when the daughter arrives at twenty-one, or on her marriage, whichever shall first happen, it cannot exceed twenty-one years ; the law, therefore, will not give the trustee a larger estate by implication, than a term of twenty-one years, which is a chattel interest.

But there is another view leading to the same result. In the present case, there is a plain devise of an estate in fee to Susan E. Taft, the daughter, which would give her the whole estate, but for the exception, or carve out of it, effected by the trust clause. Then both the devise in fee, and the exception of an estate for years in the trustee, may both have their full effect. This is stronger than a case, which yet seems to be established by authority, that where the words of the devise to trustees would or would not give an estate in fee, they are held to be controlled by the exigencies of the trust, and en-

larged or restrained accordingly.   If a fee is necessary to answer the exigencies of the trust, without words of limitation, the devise shall be held to pass a fee ; otherwise an estate for life or years.   *Doe* v. *Willan,* 2 Barn. & Ald. 84.   So held in a recent case in this court.   *Cleveland* v. *Hallett,* 6 Cush. 403.

But the reverse of this rule, with some exceptions, is held to be good law; viz., that where the words of the will would be sufficient to pass an estate in fee to the trustee, yet they will be held to be restrained, where a fee is not necessary to accomplish the purposes of the trust.   This was held in an early case, *Goodtitle* v. *Whitby,* 1 Burr. 228.   That was a devise to trustees and their heirs, for the education of two sons, and when they should attain the age of twenty-one, then to the use of the two sons.   It was held that it was a vested legal estate to the two sons, by the statute of uses, subject to an intervening term of years to the trustees.   *Doe* v. *Simpson,* 5 East, 162.   If trustees are directed to receive and apply profits of land, for a limited time only, and there is no express limitation of their estate, they take a legal estate for that time and no longer.   *Doe* v. *Field,* 2 Barn. & Ad. 564 ; *Stanley* v. *Stanley,* 16 Ves. 490 ; *Aylet* v. *Choppin,* Yelv. 183.

In all these cases, and there are many others to the same effect, the decision proceeds upon the ground, that when real estate is given to trustees, to their own use for certain specific purposes, which can be accomplished within a limited time, and then to the use of another, the statute of uses shall have its effect, and vest the estate in remainder, subject only to a mesne term by implication.   This cannot be stronger, than if the will created an estate for life or term of years and then over.   In the present case, the will has an express devise to the daughter in fee, subject only to a term of years, in the trustee.

We are of opinion, therefore, that the demandant in the present case  did take a legal estate in the premises, but that it did not amount to a freehold, and that this action cannot be maintained.

*S. Bartlett*, for the demandant.

*J. Meyer*, for the tenant.

On motion, the demandant had leave to amend, so as to convert the case into an action of ejectment.